UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

**FILED**
DEC 0 6 2012
CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT

Randy Berkshire #371645,
    Plaintiff,

-v.-

Vasilis Pozios, et. al.,
    Defendants.

Case No. 2:12-cv-12038
Hon. Arthur J. Tarnow
Mag. Michael Hluchaniuk

## PLAINTIFF'S RESPONSE TO DR. POZIOS' MOTION FOR LEAVE TO FILE AMENDMENT TO MOTION FOR SUMMARY JUDGMENT OR SECOND MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff Randy Berkshire, and his response to Dr. Pozios' Motion for leave to file amendment to motion for Summary Judgment or Second Motion for Summary Judgment and states the following in support:

# I. ARGUMENT AND AUTHORITY

In most courts, defendants who claims that a plaintiff didn't exhaust will have to raise that claim in a motion for summary judgment, which requires them to submit admissible factual evidence showing that plaintiff didn't exhaust. See, e.g., Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006).

Since exhaustion is an affirmative defense, the defendants will have the burden of proving non-exhaustion as well as pleading it. Roberts v. Barreras, 484 F.3d 1236, 1240-41 (10th Cir. 2007) (citing established rules that the burden of proving affirmative defenses is on the defendant and that the burden of proof follows burden of pleading). Establishing non-exhaustion requires three things:

(1) evidence that there actually was an available administrative remedy for plaintiff's problem.

(2) evidence that plaintiff was a prisoner, and therefore required to exhaust, when plaintiff filed his complaint.

(3) evidence that plaintiff didn't exhaust. Several courts have found prison officials' affidavits and documentation asserting that a prisoner didn't exhaust to be insufficient or even inadmissible into evidence because they were completely conclusory, failed to set out how records were searched, rested on hearsay, or otherwise failed to establish

1

a failure to exhaust.

However, in a number of cases, plaintiffs have produced documentation of grievances that prison officials had claimed did not exist. Baker v. Schriro, 2008 WL 3877973, *5 (D. Ariz., Aug. 20, 2008); Menteer v. Applebee, 2008 WL 2649504, *6 (D. Kan., June 27, 2008) (finding material issue of fact where defendants said plaintiff filed no grievances but plaintiff produced copies of the grievances and the decisions on them); Marlin v. Dube-Gilley, 2008 WL 2952072, *2 (E.D. Ark., June 24, 2008) (plaintiff produced the grievance form that defendants said they could not find), report and recommendation adopted, 2008 WL 2952113, (E.D. Ark., Jul. 29, 2008), reconsideration denied, 2008 WL 3992232 (E.D. Ark., Aug. 20, 2008). In defendant's amended summary judgment motion (Dkt. 41), the defendant asserted that they can definitively establish that plaintiff has failed to exhaust his administrative remedies. (Dkt. 41, ID#387). Attached as Exhibit A is plaintiff's fully exhausted grievances regarding defendant Vasilis Pozios.

Henchforth, documents <u>must</u> be authenticated to be considered, which technically means that "a sworn or certified copy <u>must</u> be attached to or served with the affidavit." Rule 56(e)(1), Fed. R. Civ. P.; Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir. 1993). When documents are submitted a party must "lay a foundation" for each one by explaining in their affidavit what it is and how they got it and providing

2

enough other information for the court to determine if it is admissible. "Certified" means that the custodian of the document, or other person authorized to make the certification, makes a certificate under seal stating that the document is a correct copy. Rule 902(4), Fed. R. Evid. Here defendant's documents (Dkt. #41-4, ID#s 40-449) are merely conclusory and have failed to set out how records were searched, rests on hearsay, and otherwise failed to establish a failure to exhaust. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (noting that defendants' affidavit does not state whether the plaintiff exhausted his appeals; their "Appeal Record" lacks a foundation and is not shown to be complete); See also Davis v. Michigan Dep't of Corrections, 2008 WL 1820926, *1-2 (W.D. Mich., Apr. 4, 2008) (unauthenticated documents could not be considered on a Summary Judgment motion).

Documents that would be inadmissible at trial cannot be considered on Summary Judgment. See, e.g., Wells v. Boston Ave. Realty, 125 F.3d 1335, 1340 (10th Cir. 1997).

Like other affirmative defenses, the exhaustion defense can be waived by failure of the defendants to raise it, or to do so timely. See Webb v. Fox, 2007 WL 1219402, *4 (D.S.C., Apr. 24, 2007) (holding failure to plead exhaustion or argue it in their Summary Judgment motion waived it); Walton v. Breeyear, 2007 WL 446010, *8 (N.D. N.Y., Feb. 8, 2007) (finding waiver based on failure to plead); See also Williams v. Ill. Dep't of Corr., 1999 WL 1068669, *3-4 (N.D.

Ill., Nov. 17, 1999) (finding that defendant had waived the affirmative defense of plaintiff's failure to exhaust administrative remedies because it had not pleaded the defense and raised the defense for the first time at the Summary Judgment stage).

Plaintiff fortifies his claim that defendants have waived exhaustion by showing that their failure to raise it timely has prejudiced him. Plaintiff would have to expend additional resources and would unnecessarily delay the decisions into all dispositive and non-dispositive motions, and further discovery and dispositions. Compare to Bonilla v. Janovick, 2005 WL 61505, *2 (E.D.N.Y., Jan. 7, 2005).

It is evident that the defendant is attempting to mislead this Honorable Court. The defendant stated that "plaintiff's complaint affirmatively stated that he had exhausted his administrative remedies." (Dkt. #41, ID# 387). A prisoner-plaintiff no longer has to plead or demonstrate exhaustion to satisfy the PLRA's exhaustion requirement, however, plaintiff admits in his complaint that he failed to complete the grievance process before filing this § 1983 action. (Dkt. #41-2, ID# 399). Failure to exhaust is an affirmative defense that must be raised by a defendant. Jones v. Bock, 549 U.S. 199 (2007). Therefore, defendants should have raised the defense during the first time at the Summary Judgment stage. See Williams v. Ill. Dep't of Corr., 1999 WL 1068669, *3-4 (N.D. Ill., Nov. 17, 1999).

4

## II. CONCLUSION

For these reasons, Dr. Pozios' motion for leave to file amendment to motion for summary judgment or second motion for summary judgment should be **DENIED** and that the defendants are **BARRED** from raising their exhaustion defense.

Respectfully Submitted,

Randy Q. Derkshire

Date: November 30, 2012

Exhibit A

Fully Exhausted Grievance Against Defendant Pozios

**MICHIGAN DEPARTMENT OF CORRECTIONS**
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I: 4/10/12   Grievance Identifier: MRF/12/04/0589/12B

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Randy Berkshire | 371645 | MRF | SEG 21 | 3/30/12 | 4/6/12 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 4/3/12 – 4/6/12
If none, explain why. I HAVE COPIES OF THE HEALTH CARE REQUEST FORMS I SUBMITTED TO MENTAL HEALTH REQUESTING URGENT ASSISTANCE REGARDING MY MENTAL INSTABILITY, SEVERAL NURSES HAVE CONTACTED PSYCHIATRIST POZIOS IN REGARDS TO MY MEDICATION TO NO AVAIL.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. I WAS INFORMED THAT MY PSYCHIATRIC MEDICATIONS HAD EXPIRED ON 3/1/12 AND THAT PSYCHIATRIST POZIOS REFUSES TO RENEW THOSE MEDICATIONS UNTIL HE CONDUCTS AN EVALUATION. AN EVALUATION WAS SUPPOSE TO BE CONDUCTED ON 4/2/12, BUT DR. POZIOS HAS DELIBERATELY REFUSED TO CONDUCT THAT EVALUATION BASED UPON GRIEVANCES AND OTHER COMPLAINTS I FILED REGARDING THE DELIBERATE AND INDIFFERENT TREATMENT BY THE OUTPATIENT MENTAL HEALTH. I WAS PERSCRIBED CHLORPROMAZINE WHICH IS A PSYCHOTROPIC MEDICATION USED TO REHABILITATE MY SIGNIFICANTLY IMPAIRED BEHAVIORS, EFFEXOR AND REMERON IS AN ANTI-DEPRESSANT MEDICATION USED TO TREAT MY SLEEPING DISORDER, OBSESSIVE-COMPULSIVE DISORDER, MAJOR DEPRESSION, AND OTHER DISORDERS. HIS ACTIONS HAVE CAUSED AN INCREASE OF HOMICIDAL AND SUICIDAL BEHAVIORS WARRANTING OBSERVATION STATUS, LOSS OF SLEEP, CONFUSION AND FATIGUE, FLUCTUATING MOODS WHICH SUBJECTS ME TO ABNORMAL BEHAVIORS WHICH COULD RESULT IN DISCIPLINARY ACTIONS. I REQUEST AN INVESTIGATION.

Grievant's Signature: Randy E. Berkshire

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No   If No, give explanation. If resolved, explain resolution.)

Prisoner Berkshire was non-compliant with Outpatient Mental Health Services. On 4/10/12 he was referred to Crisis Stabilization Program.

Respondent's Signature: [signature]   Date: 4/14/12
Respondent's Name (Print): Toni Beauvais   Working Title: Unit Chief
Reviewer's Signature: [signature]   Date: 4/17/12
Reviewer's Name (Print): Debbie Dahl, PhD   Working Title: Unit Chief

Date Returned to Grievant: 4/19/12
If resolved at Step I, Grievant sign here. Resolution must be described above.
Grievant's Signature: _____   Date: _____

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS  4835-4248 5/09
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**  CSJ-247B

Date Received by Grievance Coordinator at Step II: _____

Grievance Identifier: MMF12404 0589 11281

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED MDOC
JUN 25 2012
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: Warden's Office by 5/9/12. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Randy Berkshire | 371645 | MRF | 4-41-T | 3/30/12 | 5/5/12 |

**STEP II** — Reason for Appeal  Unit Chief Donna Beauvais claims that grievant was non-compliant with Outpatient Mental Health Services. Her reasoning is frivolous. The segregation logbook and health services will reflect that grievant had been found unresponsive and/or extremely weak as a result of self-injurious behaviors on several occasions. The record will also reflect that grievant had an face to face interview with Psychologist C. Sermo on 4/3/12 and was finally interviewed by Psychiatrist Pozios on 4/9/12. I request a thorough investigation into the deliberate and indifference of the Mental Health Services offered to prisoners at the Macomb Correctional Facility.

**STEP II** — Response  Treatment Team discussed - Mr. Berkshire is being Treated pursuant to MDOC Policy Directive 04.06.180 Mental Health Services - Section 4 speaks to Psychotropic meds may be prescribed - the physician has that discretion - He is practicing within his scope of license.

Respondent's Name (Print): Mary Parsen
Respondent's Signature: Mary Parsen
Date: 5/15/12

Date Received by Step II Respondent: _____
Date Returned to Grievant: 6/19/12

**STEP III** — Reason for Appeal  The Step II Respondent asserts that Dr. Pozios was practicing within the scope of his license. A person who is trained and experienced in the areas of mental illness and is licensed or certified by the State of Michigan to practice within the scope of his license does not have the discretion to deliberately refuse to renew a prisoner's psychotropic medications with an extensive history of self-injurious behaviors. Grievant Suffered adverse side-effects and had caused him to attempt suicide requiring hospitalization.

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III** — Director's Response is attached as a separate sheet.

**DISTRIBUTION:** White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

## Step III Grievance Response

**Randy Berkshire**          371645

**MRF**     12040589

Grievant alleges the Psychiatrist is not renewing his psychotropic medications out of retaliation for past grievances filed.

All relevant information within the electronic medical record has been reviewed. Step I and Step II appropriately addressed this grievance and are affirmed at the Step III appeal.

Grievance appeal denied.

Response of Bureau of Health Care Services      Date:    8/8/2012

Approved: _____      Date:    8-9-12
           Bureau of Health Care Services

_____      AUG 10 2012
Richard D. Russell Manager, Grievance Section Office of Legal Affairs      Date Mailed

Ref. #     15815

C:     Warden

      Regional Health Care Administrator     Southern
      Grievant