UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY BERKSHIRE,

        Plaintiff,

v.

DEBRA DAHL, ET. AL.,

        Defendants.
_____/

Case No. 12-12038

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**ORDER OVERRULING DEFENDANT DAHL'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE [231]**

On June 17, 2016, Magistrate Judge Dawkins Davis entered an Order granting in part and denying in part Plaintiff's Motion to Strike [228]. On July 5, 2016, Defendant Dahl filed objections to the Order [231]. Plaintiff responded to the objections on July 15, 2016 [232]. For the reasons stated below, these objections are **OVERRULED**.

### STANDARD OF REVIEW

When a litigant objects to a magistrate judge's ruling on a nondispositive pretrial matter, the court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not permit a district court to reverse the magistrate judge's finding simply because it would have decided the issue differently. *Anderson v. City of*

1

*Bessemer*, N.C., 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

On June 17, 2016, Magistrate Judge Dawkins Davis entered an Order granting in part and denying in part Plaintiff's Motion to Strike [228]. The Order, *inter alia*, granted Plaintiff's Motion to Strike in regards to Sgambati's affidavit and paragraph six and three of Defendant Dahl's affidavit [228 at 15-16]. Defendant Dahl objects to the striking of Sgambati's affidavit and paragraphs three and six of Defendant Dahl's affidavit. Defendant does not cite the standard for review of pretrial Orders from Magistrate Judges in their objections, rather stating merely that the Magistrate Judge "erred" in regards to the treatment of Sgambati and Dahl's affidavits without presenting any supporting case law or arguments that the Order was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

1. **OBJECTION 1: SGAMBAI AFFIDAVIT**

The Magistrate Judge struck the affidavit of Sgambai for failure to timely disclose the identity of the witness. *See e.g. Green v. Bakemark USA, LLC*, 2016 WL 234616, at *2 (S.D. Ohio 2016); *see also* Fed. R. Civ. Pro. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is

2

not allowed to use that information or witness to supply evidence on a motion…unless the failure was substantially justified or is harmless).

Defendant objects to the striking of Sgambati's affidavit on three grounds, first reasoning that Plaintiff only first raised his retaliation claim based on his attempt to help other prisoners with "redress of grievances" in his partial motion for summary judgment. Therefore, Defendant argues that it was proper for this new evidence to be entered this late in the case because they did not have notice of this claim prior to the filing of the motion for summary judgment filed on May 5, 2016. This argument is not persuasive. The Court agrees with the Magistrate Judge that Defendant had notice of Plaintiff's claim that he assisted with the grievances of other prisoners well before the filing of the partial motion for summary judgment. Based on the record, it is clear that Plaintiff was mentioning providing assistance with grievances as far back as the filing of the pro se amended complaint in November 18, 2013 [101 at 1190].

Plaintiff was also questioned on this issue by Defendant Dahl's counsel during his deposition on October 6, 2015 and was mentioned in various filings presented throughout the case. [*See e.g.* 115-1 at 1611; 166 at 2099; 216-6 at 4656-58]. Given that the first amended complaint filed in November 18, 2013 was done pro se and pro se prisoner filings are held to "less stringent standards than formal pleadings drafted by lawyers," the Court does not find that the Magistrate Judge made a clearly erroneous decision in finding that Defendant Dahl was on notice regarding the claim

3

that Plaintiff assisted fellow prisoners with their grievances since the filing of the Amended Complaint and this is not a valid basis for objection. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

Defendant Dahl also argues that her mention of Sgambati during her deposition is adequate notice to comply with Federal Rules of Civil Procedure 37(c)(1), and therefore the Magistrate erred by striking the deposition for failing to affirmatively identify Sgambati as a witness in support of her defense prior to responding to the partial motion for summary judgment. The Court agrees with the Magistrate the mentioning of Sgambati during a deposition does not "relieve [Defendant] of the responsibility to fully respond, given the direct question posed in the interrogatory and [Defendant's] obligations under Rule 26."[1] [228 at 5]. Defendant has not cited any case law to persuade the Court that the Rule and case law cited by the Magistrate Judge as a basis to strike the affidavit are clearly contrary to law or erroneous.

Finally, Defendant Dahl objects to the Magistrate Judge's assertion that Plaintiff "never claimed to serve at the time Hoss served." However, regardless of the

---

[1] Per Federal Rule of Civil Procedure 26(e)(1)(A):

> a party who has…responded to an interrogatory, request for production, or request for admission- must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material response the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process…"

4

merit of this objection, the Magistrate Judge entered one sentence in the Order regarding this assertion. This statement only concerns the admissibility of certain statements contained in the affidavit, and as shown above, this is not relevant to the ultimate decision of the Magistrate Judge to strike the affidavit given that it violated the Federal Rules of Civil Procedure.

Defendant Dahl has not presented any arguments to support a finding that the Magistrate Judge's order is "clearly erroneous and contrary to law." Fed. R. Civ. P. 72(a). Therefore, Defendant's Objection to the striking of Sgambati's affidavit is overruled.

### 2. OBJECTION 2: PARAGRAPHS 3 AND 6 OF DEFENDANT DAHL'S AFFIDAVIT

The Magistrate Judge struck paragraphs three and six from Defendant Dahl affidavit for conflicting with previous testimony and affidavits from Defendant Dahl. *See Penny v. United Parcel Service*, 128 F 3d 408, 415 (6th Cir. 1997) (holding "a party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony.").

Paragraph six of Defendant Dahl's affidavit deals with the reason that Plaintiff was discharged from the Residential Treatment Program (RTP). In previous discovery conducted, Defendant Dahl stated that, when asked to provide the rationale and supporting documents for why Plaintiff was discharged from RTP, Defendant Dahl's

5

response to the interrogatory was that "the defendant does not remember this information." [203-5 at 2-3]. Additionally, Defendant Dahl testified during discovery that she had no recollection of "any of the events of March 19th through March 21, 2012." [203-6 at 65]. However, once the partial motion for summary judgment was filed, Defendant Dahl suddenly asserted in an affidavit accompanying her response that Plaintiff "was discharged to the next level of care because he was ready, as reflected by the mental health records." [199-5 at 3790].

Defendant contends that this statement is not inconsistent with her previous testimony and affidavits because she is not relying on her memory independently, but is rather using reference to the mental health records to inform her statement concerning the discharge of Plaintiff from RTP. [231 at 5].

The Court agrees with the Magistrate Judge that the affidavit conflicts with her prior affidavits. As the Magistrate Judge pointed out in the Order, at the same deposition where Defendant admitted not remembers the events surrounding the discharge of Plaintiff, Defendant also stated that she had reviewed the relevant medical records "yesterday, and it didn't do much refreshing." [203-6 at 66]. The Court agrees with the Magistrate that the conflicting testimony directly contradicts her former statement where the medical records did not provide her with a recollection for the reasons surrounding Plaintiff's discharge and also "makes the leap that

6

[Defendant] now remembers those events and can competently and independently testify regarding them." [228 at 4867].

In the alternative, Defendant requests that the Court only strike some portions of paragraph six and keep others [231 at 4897]. However, this argument was not made before the Magistrate Judge and cannot be raised before the Court here for the first time. *See Murr v. United States*, 200 F. 3d 895, 902 n. 1 (6th Cir, 2000) (stating that "while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate" (citations omitted)).

Therefore, the Court finds that the Magistrate's decision to strike paragraph six was not contrary to law or clearly erroneous and Defendant's objection is overruled as to paragraph six.

Paragraph three deals with Plaintiff's actions as a housing unit representative and the March 19, 2012 list of concerns. Prior to submitting the affidavit in the response to the partial motion for summary judgment, Defendant had maintained that she did not remember if Plaintiff had submitted the Agenda to her. [*See e.g.* 203-6 at 31-32]. In the paragraph at issue, Defendant now states that "I would remember [the submission of the Agenda to me] had it actually happened." [199-5 at 3788]. Additionally, paragraph three of the affidavit states that "I [Defendant Dahl] do not

7

know whether the Plaintiff was on the warden's forum. If he had been, I probably would have been aware of it" [*Id*]. In contrast, Defendant Dahl's answer to the Amended Complaint's allegation that in "March of 2012 Plaintiff was elected as the Housing Unit Representative" was "Denied for lack of knowledge" by Defendant.

Defendant attempts to provide missing facts to the affidavit to illustrate how the statements were not inconsistent or speculative [231 at 4898-99]. However, these statements were not present in the sworn affidavit by Dahl and there is nothing in the record to support these assertions. Additionally, these points were not argued before the Magistrate Judge and therefore the Court cannot use them as a basis to find that the Magistrate Judge's finding was clearly erroneous. *See Murr*, 200 F. 3d at 902 n. 1.

The Court agrees with the Magistrate Judge that paragraph three of the affidavit contains inconsistent and unsupported statements of unsupported speculation. Therefore, the objection is overruled.

**IT IS ORDERED** that Defendant's Objections to the Magistrate Judge's Order [231] are **OVERRULED**.

**SO ORDERED**.

Dated: August 4, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge